UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No: B-0981885 C-13D |
| | ) | |
| **MARK S. PEEDIN,** | ) | |
| **CLEOFE PEEDIN,** | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | _____ |
| | ) | |
| RICHARD M. HUTSON, II, Trustee | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DUKE UNIVERSITY FEDERAL | ) | |
| CREDIT UNION, | ) | |
| | ) | |
| **Defendant** | ) | |

**COMPLAINT TO AVOID DEED OF TRUST PURSUANT TO 11 U.S.C. §544(a)**

NOW COMES Richard M. Hutson, II, Standing Trustee ("Plaintiff") complaining of the Defendant, DUKE UNIVERSITY FEDERAL CREDIT UNION ("Defendant"), and alleges and says:

JURISDICTION AND VENUE

1. This Court has proper and personal jurisdiction over the subject matter hereof and the parties hereto pursuant to 28 U.S.C. §§151, 157 and 1334, and Standing Order No. 10 entered by the United States District Court for the Middle District of North Carolina on or about August 10, 1984.

2. Venue is proper in this District pursuant to 28 U.S.C. §1409 in that this is an action arising in or related to a proceeding arising under Title 11 of the United States

Code which is pending in this District, and this is a core proceeding within 28 U.S.C. §157.

## PARTIES

3. On October 23, 2009, Mark and Cleofe Peedin ("the Debtors") filed a voluntary petition under Chapter 13 of Title 11 of the United States Code in the United States Bankruptcy Court for the Middle District of North Carolina ("the petition date").

4. The Plaintiff, Richard M. Hutson, II, was appointed as Trustee for the Debtors on October 23, 2009, and is duly qualified and acting as Trustee.

5. The Defendant is located and doing business in North Carolina.

## CLAIM FOR RELIEF

6. On August 4, 2008, the Debtors entered into a loan with Defendant in the principal amount of $110,000.00 as evidenced by the Note and Disclosure Statement ("the Note") attached as Exhibit "A" and incorporated herein by reference.

7. The loan with Defendant is allegedly secured by a Deed of Trust ("the Deed of Trust") against the Debtors' real property located at 3818 Holly Springs Court, Hillsborough, NC ("the real property"). The language in the Deed of Trust provides that the Deed of Trust is "to secure to Lender the repayment of the indebtedness evidenced by the Borrower's note dated 07/29/08 and extensions and renewals thereof." A copy of the Deed of Trust is attached as Exhibit "B" and incorporated herein by reference.

8. There is no note dated July 29, 2008 in existence. The Note in favor of the Defendant is actually dated and signed on August 4, 2008. Accordingly, the Deed of Trust does not properly identify the loan obligation.

9. Pursuant to 11 U.S.C. §544(a), the Deed of Trust in favor of the Defendant is unenforceable against the Plaintiff and should be avoided as the Deed of Trust was not properly perfected prior to the petition date. See In re Head Grading Co., Inc., 353 B.R. 122 (Bankr. E.D.N.C. 2006).

WHEREFORE the Plaintiff prays the Court that:

1. The Deed of Trust in favor of Defendant be avoided pursuant to 11 U.S.C. §544(a) and the claim of Defendant be allowed as a general unsecured claim in the filed amount of $105,131.68;

2. Upon successful completion of the Debtors' plan, the Defendant shall be required to cancel the Deed of Trust recorded on August 20, 2008 in the Orange County Register of Deeds at Book RB4591, Page 581; and

3. For such further relief as the Court may deem just and proper.

This the 6th day of January, 2010.

    s/Benjamin E. Lovell
    Benjamin E. Lovell
    **Attorney for Plaintiff**
    P.O. Box 3613
    Durham, N.C. 27702
    Telephone: (919) 688-8065
    State Bar No: 23266